# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32622 (f rev)**

————————————

**UNITED STATES**

*Appellee*

**v.**

**Jarrod A. HUMPEL**

Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon further review*

Decided 5 April 2021

————————————

*Military Judge:* Colin P. Eichenberger; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged on 12 September 2019 by SpCM convened at Davis-Monthan Air Force Base, Arizona. Sentence entered by military judge on 2 October 2019 and reentered on 2 February 2021: Bad-conduct discharge, confinement for 2 months, forfeiture of $1,120.00 pay per month for 2 months, and reduction to E-1.

*For Appellant:* Captain David L. Bosner, USAF.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement (PTA), of one specification of violating a lawful general regulation by wrongfully using 1-propionyl-lysergic acid diethylamide on divers occasions, one specification of

violating a lawful general regulation by wrongfully using 4-methoxy dimethyltryptamine, one specification of wrongful use of lysergic acid diethylamide (LSD) on divers occasions, and one specification of wrongful introduction of LSD onto an installation used by the armed forces on divers occasions in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a.[1] These four specifications pertained to offenses committed in 2017 and 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, forfeiture of $1,120.00 pay per month for two months, and reduction to the grade of E-1.[2]

This case was submitted for our review on its merits without assignment of error. However, in our review under Article 66, UCMJ, 10 U.S.C. § 866, we identified an error in the post-trial processing of Appellant's court-martial. Specifically, the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.). We remanded Appellant's record of trial to the Chief Trial Judge, Air Force Trial Judiciary, to resolve this issue. *United States v. Humpel*, No. ACM S32622, 2021 CCA LEXIS 8 (A.F. Ct. Crim. App. 11 Jan. 2021); *see also* Article 66(g), UCMJ, 10 U.S.C. § 866(g); Rule for Courts-Martial 1111(c)(3). On 1 February 2021, a new Decision on Action memorandum was signed by the convening authority, and on 2 February 2021, a corrected entry of judgment (EoJ) was completed. Subsequently, the record of trial was returned to this court. We reviewed the convening authority's Decision on Action memorandum of 1 February 2021 and the EoJ of 2 February 2021. We find that the action by the convening authority and the corrected EoJ remedy the error we identified in our earlier opinion. Appellant submitted a supplemental brief to this court on 24 March 2021 resubmitting his case on its merits with no assignment of error.

Upon further review, the findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The PTA did not have any impact on Appellant's sentence.

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court